ORIGINAL
Case 3:05-cv-00199-K   Document 8   Filed 03/07/05   Page 1 of 5   PageID 30

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 7 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BILLY J. PATTERSON, #70307-04, )
    Plaintiff, )
)
v. ) 3:05-CV-0199-K
)
422ND DISTRICT COURT OF KAUFMAN )
COUNTY, et al., )
    Defendants. )

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Plaintiff Billy J. Patterson, proceeding *pro se*, has filed a complaint, pursuant to 42 U.S.C. § 1983, complaining about the following defendants: 422nd District Court of Kaufman, Texas, Judge B. Michael Chitty, and the Kaufman County Sheriff Department. Plaintiff is presently incarcerated at the Kaufman County Jail, in Kaufman, Texas.

On February 10, 2005, Plaintiff filed two motions to amend, along with a proposed amended complaint, and a motion for appointment of counsel.[1] The motions to amend should be granted because "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." See Fed. R. Civ. P. 15(a). The motion for appointment

---

[1] In his amended complaint, Plaintiff seeks to add the Terrell Police Department, Officer Micheal E. Bulin, and Sheriff Deputy Kosar as defendants. (Complaint at 2 and 4).

of counsel should be denied without prejudice at this time. See <u>Akasike v. Fitzpatrick</u>, 26 F.3d 510, 512 (5th Cir. 1994) (a plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law); <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982) (same). Plaintiff has not shown that his case presents any exceptional circumstances warranting the appointment of counsel. See <u>Ulmer</u>, 691 f.2d at 212 (the trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983, unless the case presents exceptional circumstances).

A review of Plaintiff's original complaint and the proposed amended complaint reflects that Plaintiff is seeking to bring three separate causes of action: (1) he seeks to sue Judge B. Michael Chitty and the 422nd District Court of Kaufman County for speedy trial violations, (2) he seeks to sue the Terrell Police Department and Police Officer Michael E. Bulin, for false arrest on January 31, 2004, and the Kaufman County Sheriff Department for false imprisonment for more than 232 days over a one-year period; and (3) he seeks to sue the Kaufman County Sheriff Department, Deputy Kosar and Corporal Hall for administering the wrong medication on January 18, 2005, which allegedly caused him to suffer multiple heart attacks. Plaintiff requests a trial court date and monetary relief.[2]

Rule 21, Federal Rules of Civil Procedure, allows a court to raise misjoinder of parties *sua sponte*. Rule 21 reads as follows:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

---

[2] Insofar as Plaintiff requests the appointment of new counsel in Kaufman County, his claim is not cognizable in this court.

In determining whether parties are misjoined, the court applies the joinder standard of Federal Rule of Civil Procedure 20(a). Rule 20(a) provides in part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

For joinder to be proper, the plaintiff must establish (1) that all of the claims against the defendants arise out of the same transaction or occurrence, and (2) that there is a common question of law or fact common to all the defendants. See Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 n. 11 (5th Cir. 1995); Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's claims are wholly unrelated. They arise from separate transactions that are factually unrelated and do not involve a question of law or fact common to all defendants. Moreover, insofar as Plaintiff seeks a speedy-trial, such a request is cognizable only in a pre-trial habeas action pursuant to 28 U.S.C. § 2241(c). See Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).[3]

Therefore, the District Court should sever Plaintiff's claims into two separate actions pursuant to Rule 21, a pre-trial habeas action for speedy trial violations and a civil rights action challenging the medical care rendered at the Kaufman County Jail. Upon severance, the only claims remaining in this action will be Plaintiff's civil rights claims for false arrest against the

---

[3] Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

3

Terrell Police Department and Police Officer Michael E. Bulin, and for false imprisonment against the Kaufman County Sheriff Department.

RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motions to amend be granted, and that Plaintiff's amended complaint, naming the Terrell Police Department, Officer Micheal E. Bulin, and Sheriff Deputy Kosar as additional defendants be filed. Plaintiff's motion for appointment of counsel should be denied without prejudice to it being reasserted at a later time.

It is further recommended that the District Court should sever Plaintiff's claims against Judge B. Michael Chitty and the 422nd District Court of Kaufman County for speedy trial violations, and order the clerk's office to open a new civil action number (cause 28 U.S.C. § 2241, nature of suit 530) and to directly assign it to the same District Judge and magistrate judge as this action.

It is further recommended that the District Court should sever Plaintiff's claims against the Kaufman County Sheriff's Department, Deputy Kosar and Corporal Hall for administering the wrong medication, and order the clerk's office to open a new civil action number (cause 42 U.S.C. § 1983, nature of suit 550), and to directly assign it to the same District Judge and magistrate judge as this action. Upon severance, the District Court should order that a filing fee be assessed pursuant to the Prisoner Litigation Reform Act in the civil right action unless, within

twenty days of the filing of such new case, Plaintiff submits a motion to dismiss the new action without prejudice.

      A copy of this recommendation will be mailed to Plaintiff.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.